UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVANATH FEDERAL WAY, LLC, | CASE NO. C18-0219-JCC |
| Plaintiff, | ORDER |
| v. | |
| SUSAN M. HAZARD, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Magistrate Judge Mary Alice Theiler's report and recommendation (Dkt. No. 5) and Defendant Susan M. Hazard's ("Hazard") objections (Dkt. No. 6). On February 12, 2018, Defendants Hazard and Cecile T. Freeman ("Freeman") filed a notice of removal in this unlawful detainer action filed by Plaintiff Avanath Federal Way, LLC ("Avanath") in King County Superior Court. (Dkt. Nos. 1-1, 1-2.) Defendants contemporaneously filed a motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 1.) Judge Theiler was unable to rule on the IFP issue because only Hazard submitted an IFP application. (Dkt. No. 4.) Judge Theiler directed Freeman to file an IFP application or pay the filing fee within 21 days. (*Id*.) Neither Freeman nor Hazard responded.

Judge Theiler subsequently submitted a report and recommendation that recommends the Court deny Defendants' motion to proceed IFP. (Dkt. No. 5.) Hazard filed an objection to the report and recommendation, stating that Freeman—who is her mother—did not file an IFP

application because she passed away. (Dkt. No. 6.) Hazard also requested that Freeman be terminated from this lawsuit. (*Id*.)

Based on Hazard's representations, the Court declines to adopt Judge Theiler's report and recommendation (Dkt. No. 5.) Having reviewed Hazard's IFP application, the Court determines that she qualifies financially for IFP status. (*See* Dkt. No. 1). Therefore, the Court GRANTS Hazard's motion to proceed IFP (Dkt. No. 6).[1] The Clerk and parties are DIRECTED to caption future filings as: Avanath Federal Way, LLC v. Susan M. Hazard.

Having reviewed Hazard's notice of removal and Avanath's complaint, the Court is skeptical that it has subject matter jurisdiction over this case. (Dkt. Nos. 1-1, 1-2.) If a district court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Federal removal jurisdiction is limited to civil actions "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Under federal-question jurisdiction, a defendant may remove any "civil action [ ] arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. Under diversity jurisdiction, a defendant may remove a case where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332.

Avanath alleges a single claim of unlawful detainer in its complaint. (*See* Dkt. No. 1-2.) That cause of action is based on state, not federal law. (*See id*.) The record also suggests that both parties are citizens of Washington State. (*See* Dkt. Nos. 1-1, 1-2.) It appears from Hazard's

---

[1] Hazard's initial motion to proceed IFP was filed under Docket Number 1, but is now contained in her objections to the report and recommendation (Dkt. No. 6.)

ORDER
C18-0219-JCC
PAGE - 2

removal petition that she wants to assert a federal discrimination claim against Avanath. (*See* Dkt. No. 1-1.) However, it is well established that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). The Supreme Court has made clear that a defendant cannot create subject matter jurisdiction through the assertion of a defense or counterclaim where jurisdiction would otherwise be lacking. *See Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987) (defense); *Holmes Group, Inc., v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 832 (2002) (counterclaim). Based on the record, it does not appear that the Court would have federal question or diversity jurisdiction over this case.

Within 21 days of the issuance of this order, Hazard is ORDERED to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction. Hazard shall file a response with the Court that lists the facts and law that demonstrate that this Court has either federal question or diversity jurisdiction over this matter. The Clerk is DIRECTED to mail a copy of this order to Hazard.

DATED this 7th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE