THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVANATH FEDERAL WAY, LLC, | CASE NO. C18-0219-JCC |
| Plaintiff, | ORDER |
| v. | |
| SUSAN M. HAZARD, | |
| Defendant. | |

This matter comes before the Court on Defendant Susan M. Hazard's ("Hazard") response (Dkt. No. 14) to the Court's order to show cause why this action should not be remanded to state court (Dkt. No. 12). On February 12, 2018, Hazard filed a notice of removal in this unlawful detainer action brought by Plaintiff Avanath Federal Way, LLC ("Avanath") in King County Superior Court. (Dkt. Nos. 1-1, 1-2.) In its complaint, Avanath alleges that Hazard failed to pay rent and vacate her apartment in accordance with the parties' lease agreement. (Dkt. No. 1-2.) In her notice of removal, Hazard suggests that the unlawful detainer action could have been brought in federal court because Hazard can assert federal discrimination and disability claims against Avanath. (Dkt. No. 1-1 at 2–3.) The Court ordered Hazard to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction. (Dkt. No. 12 at 3.)

In her letter to the Court, Hazard writes:

> I have three years of documents as proof to my defense, but due to my recent stroke I cannot get everything prepared in time. So I am asking for more time to do so. Exhibits with medical records, rental receipts, section 8 forms, related documents, and the fact that my civil rights and the disability act were violated . . . my health conditions continue to decline because the landlord refused to make the premises disability approved . . . .

(Dkt. No. 14 at 1.) As with her notice of removal, Hazard's letter makes clear that she wishes to file either a defense or counterclaim against Avanath based on federal discrimination law.

Federal removal jurisdiction is limited to civil actions "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Under federal-question jurisdiction, a defendant may remove any "civil action [ ] arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. Under diversity jurisdiction, a defendant may remove a case where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332.

Avanath alleges a single claim of unlawful detainer in its complaint. (*See* Dkt. No. 1-2.) That cause of action is based on state, not federal law. (*See id*.) The record also suggests that both parties are citizens of Washington State. (*See* Dkt. Nos. 1-1, 1-2.) Hazard has not alleged facts in either her notice of removal or letter to the Court that establishes federal question or diversity jurisdiction. Although Hazard believes she can assert a defense or counterclaim based on federal law, it is well established that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). A defendant cannot create subject matter jurisdiction through the assertion of a defense or counterclaim where jurisdiction would otherwise be lacking. *See Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987) (defense); *Holmes Group, Inc., v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 832 (2002) (counterclaim).

This is not to say that Hazard does not have a potential federal claim against Avanath. However, the question of whether Hazard can bring her claims as a plaintiff in federal court is entirely different from whether she can remove Avanath's claims from state court. The Court declines Hazard's request for additional time because she has not alleged any facts that suggest the Court will have subject matter jurisdiction in the future. This order does not address the merits of any potential claims that Hazard may bring against Avanath in a future proceeding.

If a district court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court FINDS that it lacks subject matter jurisdiction over Avanath's unlawful detainer action. Therefore, the Court DIRECTS the Clerk to immediately REMAND this case to King County Superior Court. The Court further DIRECTS the Clerk to terminate Avanath's motion to dismiss and remand (Dkt. No. 7) as moot. The Clerk is DIRECTED to mail a copy of this order to Hazard.

DATED this 29th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0219-JCC
PAGE - 3